30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas W. REAMS, Petitioner-Appellant,
v.
Robert G. BORG, et al., Respondent-Appellee.
 No. 93-15023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1994.
Decided July 29, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Reams appeals the denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Secs. 1291 and 2253. We review de novo the district court's denial of Ream's habeas petition, Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993), and we affirm.
 
 
 3
 * Reams' principal contention on appeal is that Susan Holland's "rape trauma syndrome" testimony was erroneously admitted because it was used to prove Sandy Garza had been raped, and its admission so tainted his prosecution as to deprive him of a constitutionally fair trial. We are not persuaded.
 
 
 4
 This court's review of Reams' trial is strictly circumscribed to the seeking out of errors of federal law. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). A state court's erroneous application of its own laws or procedural rules will not justify granting habeas relief unless that error violated federal law, whether by infringing on a specific statutory or constitutional provision, or by rendering the state proceeding so fundamentally unfair as to violate due process. Id. at 482; Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Habeas review and the Due Process Clause do not permit us to reverse if all a petitioner can show is an incorrect interpretation of the state evidence code. Estelle, 112 S.Ct. at 482; Jammal, 926 F.2d at 919 ("[F]ailure to comply with a state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief.") Indeed, "[o]nly if there are no permissible inferences the jury may draw from the evidence can its admission violate due process." Id. at 920.
 
 
 5
 During the defense's case in chief, Reams attacked Garza's credibility, drawing attention to the fact that she reported what her attacker had done only in bits and pieces. He also challenged her failure to flee when allegedly given the opportunity to do so. Holland was then brought as a rebuttal expert witness. The theory behind the admission of her testimony was that it would rebut the inferences about Garza's credibility Reams had sought to draw by informing the jury that it was common for rape survivors to report the event in piecemeal fashion and to suffer memory loss about parts of the incident. See People v. Bledsoe, 36 Cal.3d 236, 247-48, 203 Cal.Rptr. 450, 457 (1984) (testimony about rape trauma syndrome particularly useful when delay in reporting or other post-incident conduct challenged). Holland additionally testified about "frozen fright," a symptom which might lead rape victims not to flee. Most of Holland's testimony was general in nature, though she did indicate that some of Garza's symptomatology was consistent with that of a rape survivor.
 
 
 6
 Holland's testimony was certainly relevant to the issues of Garza's credibility and why she didn't escape. Consequently, the jury had permissible inferences it could draw from the evidence, and under Jammal, the evidence could not violate due process. Moreover, the court gave a limiting instruction which properly directed the jury not to consider Holland's testimony with regard to whether the rape actually occurred.[1] "[The existence of impermissible inferences] may be a problem, but it is not a constitutional one. Evidence introduced by the prosecution will often raise more than one inference, some permissible, some not; we must rely on the jury to sort them out in light of the court's instructions." Jammal, 926 F.2d at 920. The introduction of Holland's testimony was not constitutional error.[2]
 
 II
 
 7
 Reams next argues that his trial was fatally infected by the trial judge's admonition to disregard one sentence of his testimony because it was "false." Reams' counsel did not contemporaneously object to the use of the word false. We conclude that we cannot reach the merits of Ream's claim because he procedurally defaulted it.
 
 
 8
 If a state law procedural default bars a state court's review on the merits of a federal claim, that default is an independent and adequate basis for the state court decision which ordinarily will bar federal review. Murray v. Carrier, 477 U.S. 478, 485-92 (1986); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). Federal courts must look to the last explained state court decision to determine whether a claim was rejected because of procedural default rather than on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2595-96 (1991). Because the California Supreme Court summarily denied Reams' habeas petition on Waltreus grounds, the last explained state court decision was the Court of Appeals' decision on direct appeal. See id. That decision expressly rested its judicial misconduct ruling on Reams' procedural default in failing to object.
 
 
 9
 In such circumstances, Reams may only obtain review if he can show 1) cause for and actual prejudice from the default, or 2) that a "fundamental miscarriage of justice" would otherwise result. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir.1992). Reams argues only that cause and prejudice is shown because the failure to object was the result of ineffective assistance of counsel.
 
 
 10
 We do not believe counsel's performance here fell "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). Counsel knew the trial court considered Reams' statement about an acquittal a deliberate attempt to impermissibly sway the jury. Counsel also reasonably believed the trial court might introduce Reams' prior convictions if it was not satisfied that it could effectively cure Reams' statement. Counsel's decision to let the use of the word "false" go, and avoid reopening consideration of whether to allow introduction of Reams' priors, was not so unreasonable as to deprive Reams of a "trial [which was] a reliable adversarial testing process." Id. at 688. Because Reams cannot show actual cause, procedural default bars our review of his claim.
 
 III
 
 11
 Finally, Reams argues that the district court's decision not to appoint him counsel was erroneous. We review for an abuse of discretion the district court's decision not to appoint counsel to assist with a habeas petition. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987). We find no abuse here.
 
 
 12
 There is no constitutional right to counsel in a federal habeas proceeding. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986). However, the district court may appoint a habeas petitioner counsel "if the court determines that the interests of justice so require." 18 U.S.C. Sec. 3006A(a)(2). Unless an evidentiary hearing is necessary, the decision to appoint counsel is discretionary. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.1984). The district court was not required to hold an evidentiary hearing unless the state court's factfinding was in some way deficient. See Townsend v. Sain, 372 U.S. 293, 313-18 (1963), overruled in part by Keeney v. Tamayo-Reyes, 112 S.Ct. 1715 (1992). In his habeas petition, Reams did not contest the adequacy of the state court's factfinding. Nor did Reams request an evidentiary hearing. While the district court could still have exercised its discretion to hold a hearing anyway, it did not. Therefore, the district court's decision not to appoint counsel was also discretionary.
 
 
 13
 Reams has offered us no reason to believe the refusal to appoint counsel was an abuse of that discretion. The decision whether to appoint counsel should be guided by 1) the petitioner's likelihood of success on the merits, and 2) the petitioner's ability to articulate his claims in light of their legal complexity. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). While not frivolous, petitioner's claims were without merit. In the habeas petition he filed, he appears to have reproduced numerous passages from briefs previously filed on his behalf. As a result, much of the petition was well written and legally sophisticated. The magistrate and district judge do not appear to have had any difficulty parsing Reams' arguments, and the magistrate's recommendations adopted by the district court deal with each at length. On appeal, Reams points to ways in which counsel would have helped, but presumably having counsel will always produce some benefit. We find no abuse of discretion.
 
 IV
 
 14
 For the foregoing reasons, we affirm the district court's denial of Thomas Reams' petition for a writ of habeas corpus.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the beginning of Holland's testimony, the trial judge admonished the jury that "the testimony that will follow will not be considered by you as to whether or not Ms. Zenaida was sexually assaulted." Reporter's Transcript at 440. The jury was later instructed:
 The People have introduced testimony concerning the alleged psychological and emotional consequences of an alleged sexual assault. You are instructed that such testimony may not be considered for the purpose of deciding whether or not any sexual assault actually occurred. It is the province of the jury to determine the credibility and weight which should be given to such testimony in light of all the evidence.
 Reporter's Transcript at 555.
 
 
 [2]
 Reams also argues that the rape trauma syndrome testimony does not meet the Frye v. United States, 293 F. 1013 (D.C.Cir.1923) standard for scientific evidence and thus cannot be used to prove rape. Frye does not establish a constitutional rule, and is therefore irrelevant