**Felix Eugene TOWNZEN, Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Appellee.**

**No. 26450.**

United States Court of Appeals, Ninth Circuit.

June 2, 1971.

Robert S. Draper, Los Angeles, Cal., for appellant.

Evelle J. Younger, Atty. Gen. of Cal., John T. Murphy, Michael Buzzell, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, KOELSCH and TRASK, Circuit Judges.

PER CURIAM:

Felix Eugene Townzen, a California state prisoner, appeals from an order, entered without hearing, denying his application for a writ of habeas corpus.

Townzen was sentenced to state prison in California on April 25, 1958, following his conviction on three charges: armed robbery (five years to life), grand theft auto (two to ten years), and escape from county jail (two to ten years). The expiration date of his sentence was later set for February 9, 1968, and, on

March 21, 1966, he was released from prison on parole. Townzen violated his parole by leaving California. Thereafter, on March 10, 1967, the California Adult Authority suspended his parole, and reset Townzen's sentence at life imprisonment. At the same time, the Authority ordered Townzen's return to custody.

On April 12, 1967, Townzen was arrested in Houston, Texas, on a misdemeanor charge. On that day Texas authorities notifed California authorities by teletype that they had Townzen in custody. Two days later, California authorites notified Texas that Townzen was wanted in California for parole violation. On April 28, 1967, Texas authorities notified California that Townzen was being held on a fugitive warrant which would expire July 12, 1967, and that a Governor's warrant from California would be required to hold Townzen after that date.

Although California authorities thereafter had frequent contacts with Texas authorities, no such warrant was ever issued by California. On September 5, 1967, the Texas charge was dismissed and appellant was released. The Texas records show a notation dated September 5, 1967, reading "This subject not wanted 9–5–67 by California Auth" and a notation dated July 26, 1967, that "Jim Wright notified Fug. Dism. & No Longer wanted at this time 7–26–67 (Bob) By California."

On December 15, 1967, California authorites cancelled Townzen's parole. On May 21, 1968 Indianapolis, Indiana, authorities arrested him on a misdemeanor charge. California took custody of him and removed him to California on August 2, 1968, as a parole violator. This was nearly six months after the expiration of the parole term of February 9, 1968.

Prior to commencing this federal habeas proceeding, Townzen sought similar relief in two California superior courts, a California district court of appeal and the Supreme Court of California. In each case relief was denied without hearing.

In this federal proceeding, Townzen contends, as he did in the state proceedings, that California impliedly waived his parole violation by not taking custody of him while he was under arrest in Texas, and therefore lost jurisdiction to extradite him from Indiana or to reincarcerate him. The district court denied relief on the ground that the records before the court showed no such waiver but only a "bureaucratic cross-up" and that the resulting delay in obtaining custody of Townzen was not so arbitrary and capricious as to offend due process. On this appeal Townzen questions this ruling and also contends that he was entitled to an evidentiary hearing.

■■ Whether the state waived jurisdiction over Townzen in the manner asserted is a question of state law. *See* Chapman v. California, 423 F.2d 682 (9th Cir. 1970). The California courts, by repeatedly rejecting Townzen's waiver argument in habeas proceedings instituted by him, have established that under state law the state did not waive jurisdiction over Townzen. While none of the state proceedings involved an evidentiary hearing, this is not a ground for federal court rejection of the state court determination of a state (as distinguished from a federal) question.

■ Faced with these state court determinations of the state question of waiver, there was no need of a federal evidentiary hearing or a federal court re-examination of the state waiver question. The state court determinations that there had been no waiver are binding upon the district court and this court.

■ Finally, any due process question raised by Townzen and not grounded in the waiver of jurisdiction issue, was a question of law properly resolved by the district court on the basis of the undisputed facts before it without the need for an evidentiary hearing.

Affirmed.