**Gary LaMERE, Petitioner-Appellant,**

v.

**Henry RISLEY, Warden,
Defendant-Appellee.**

No. 85–3928.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1987.

Decided Sept. 10, 1987.

Anthony Roth, San Francisco, Cal., for petitioner-appellant.

Robert Smith, Helena, Mont., for defendant-appellee.

Before WALLACE, FLETCHER and BRUNETTI, Circuit Judges.

WALLACE, Circuit Judge:

LaMere, a Montana state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

On October 3, 1981, two masked gunmen robbed the occupants of the Dumas Rooms, a hotel in Butte, Montana. LaMere and another person were subsequently convicted of robbery and felony theft. *See State v. Madera*, 670 P.2d 552 (Mont.1983) (*Madera*). LaMere was sentenced to a forty year term for the robbery conviction, and a ten year concurrent sentence for the felony theft conviction. An additional ten year sentence to run consecutively was levied under the Montana sentence enhancement statute because LaMere brandished a handgun during the crime. *Id.* at 558.

After exhausting his state remedies unsuccessfully, LaMere petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging violations of his constitutional rights to due process and freedom from double jeopardy. LaMere also requested, but was denied, the assistance of appointed counsel. The district court dismissed LaMere's claims, finding no constitutional violations.

We review the district court's dismissal of the habeas corpus petition de novo. *Chatman v. Marquez*, 754 F.2d 1531, 1533–34 (9th Cir.), *cert. denied*, 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985). Findings of fact made by the state courts, however, are entitled to a presumption of correctness. 28 U.S.C. § 2254(d). We are also bound by state court interpretations of state law. *Townzen v. Craven*, 444 F.2d 315, 316 (9th Cir.1971).

## II

LaMere's first due process claim is that the prosecution unconstitutionally failed to give him adequate notice that it intended to seek enhancement of his sentence under Montana's sentence enhancement statute. Mont.Code Ann. § 46–18–221. This statute gives trial courts discretion to impose up to an additional ten year sentence if the defendant used a dangerous weapon in the commission of the crime for which he is convicted. LaMere argues that the imposition of the additional sentence in his case infringed his due process rights

because the information filed by the state did not charge him with violation of the enhancement statute.

The indictment or information, however, need only "contain[ ] the elements of the *offense charged* and fairly inform[ ] a defendant of the charge against which he must defend." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (emphasis added). Under Montana law, the enhancement statute does not create a separate, substantive offense. *State v. Davison,* 188 Mont. 432, 614 P.2d 489, 496–97 (1980). Rather, the statute only "provide[s] for an enhanced penalty once the defendant has been found guilty of an underlying offense." *Id.* 614 P.2d at 496. Notice in the information that the prosecution will request enhancement of the sentence is not necessary.

Nevertheless, "a defendant must receive reasonable notice and an opportunity to be heard relative to the [sentencing enhancement] even if due process does not require that notice be given prior to the trial on the substantive offense." *Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962). The Montana Supreme Court found that the prosecution gave LaMere notice twice, over three weeks before the sentencing hearing, that the state intended to invoke the enhancement statute. *See Madera,* 670 P.2d at 558. LaMere does not point to any evidence tending to show that the notice and hearing were inadequate. We conclude, therefore, that using the sentencing enhancement provision did not deprive LaMere of due process.

### III

■ LaMere's next claim, also rooted in due process, is that the prosecution failed to give him adequate notice that it intended to call witnesses to rebut his alibi defense. At the time of LaMere's trial, Montana law required a criminal defendant to "furnish the prosecution ... a statement of intention to interpose the defense of ... alibi ... and ... the names and addresses of all witnesses ... to be called by the defense in support thereof." Mont.Code Ann. § 46–15–301(3) (1981). In return, the same stat-ute required the prosecution to furnish the defendant, at least five days before the trial, a list of witnesses it intends to call to rebut the alibi defense. The statute also provided that the court could waive either notice requirement for "good cause."

Pursuant to this statute, LaMere provided the prosecution with timely notice of his alibi defense and the names and addresses of the witnesses that he intended to call to support his defense. Between the time of this notice and the trial, the prosecution learned that LaMere had sought treatment in a Butte hospital the evening before the robbery. During the trial, LaMere's witnesses, all of whom had been designated as Idaho residents on the notice, testified that they had been with LaMere in Idaho not only on the day of the robbery, but also on the day before. Following this testimony, the prosecution gave LaMere notice that it intended to offer its evidence rebutting LaMere's claim that he had been in Idaho the evening before the robbery. *Madera,* 670 P.2d at 555. The trial court determined that the prosecution had "good cause" for the late notice, and allowed the rebuttal evidence.

LaMere contends that the trial court violated his due process rights by allowing the rebuttal testimony. LaMere does not attack the constitutionality of the Montana alibi statute on its face, but only as it was applied to him. "[T]he Due Process clause has little to say regarding the amount of discovery which the parties must be afforded." *Wardius v. Oregon,* 412 U.S. 470, 474, 93 S.Ct. 2208, 2212, 37 L.Ed.2d 82 (1973) (*Wardius*); *see* Note, *Using Equitable Powers to Coordinate Parallel Civil and Criminal Actions,* 98 Harv.L. Rev. 1023, 1030 (1985) ("Although the Constitution does not place substantive limits on the scope of discovery other than the privilege against self-incrimination, it does impose procedural constraints."). Generally, a state affords an accused due process if, when it compels discovery from the accused, it reciprocates by providing equivalent discovery from the prosecution. *Wardius,* 412 U.S. at 475, 93 S.Ct. at 2212. Here, Montana did grant LaMere reciprocal

discovery by giving him notice, during the trial, of the state's rebuttal witnesses. The narrow issue we face is whether, in the circumstances of this case, an accused has been afforded due process if the state provides reciprocal discovery during trial rather than before trial.

We have previously considered the issue of the timing of prosecutorial disclosure in the context of exculpatory evidence which must be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). "[L]ower courts agree that [*Brady* does not] impose[ ] a general requirement of pretrial disclosure of exculpatory material. Due process, it is said, requires only that disclosure of exculpatory material be made in sufficient time to permit defendant to make effective use of that material." W. LaFave & J. Israel, *Criminal Procedure* § 19.5(e) at 760 (1985); *see United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir.1985) (*Davenport*). In determining whether disclosure was timely enough to satisfy due process, we consider the prosecution's reasons for late disclosure, *see United States v. Alderdyce*, 787 F.2d 1365, 1369–70 (9th Cir.1986), and whether the defendant had an opportunity to make use of the disclosed material, *see Davenport*, 753 F.2d at 1462. We believe this analysis should be applied to this case to determine this due process challenge.

Here, the Montana trial and supreme courts found that "the State had no way of knowing what [the alibi] witnesses would testify to, and until the testimony of the alibi witnesses, the rebuttal witnesses' testimony that LaMere was present in Butte [on the day before the robbery] would not be relevant." *Madera*, 670 P.2d at 555. We must accord this finding a presumption of correctness. 28 U.S.C. § 2254(d). Indeed, the finding is well supported by the record. After LaMere gave notice of his

alibi defense, the prosecution requested him to present a summary of his witnesses' testimony. LaMere declined to do so. The prosecution sought information directly from LaMere's alibi witnesses during trial, but prior to their testimony. They refused to cooperate. The prosecution earlier discovered that LaMere had received emergency medical treatment in Butte, Montana, under an assumed name the night before the robbery. This evidence, of course, does not prove LaMere's whereabouts the day of the robbery. The evidence became important only after LaMere's alibi witnesses extended his alibi to the day and night before the robbery.[1] Until the prosecution learned, during trial, the scope of LaMere's alibi, it did not know whether it in fact had a rebuttal.

Furthermore, LaMere was given ample opportunity to mitigate any surprise or prejudice he may have suffered as a result of the late notice. The Montana Supreme Court found that the prosecution gave LaMere notice of the rebuttal witnesses as soon as it knew their testimony would be relevant. *Madera*, 670 P.2d at 556. The morning after LaMere presented his alibi witnesses the prosecution filed notice. LaMere's attorney was given an opportunity at that time to interview the rebuttal witnesses and prepare for cross-examination before they testified. He chose not to do so. Moreover, LaMere did not seek a continuance. *See United States v. Krohn*, 558 F.2d 390, 394 (8th Cir.) (defendant's failure to ask for continuance undermines his claim of unfair surprise), *cert. denied*, 434 U.S. 868, 98 S.Ct. 207, 54 L.Ed.2d 145 (1977). LaMere was given an adequate opportunity to make use of the disclosed list of witnesses.

We hold that, under the circumstances of this case, Montana gave LaMere the process he was due.

---

1. Unlike the dissent, we believe that any number of reasonable conclusions could be drawn from the fact that LaMere's alibi witnesses lived in Idaho. They could have testified, for example, that they had been visiting LaMere in Montana when the crime allegedly took place, or that LaMere had been with them in Idaho only on the day of the crime, or even that they had met LaMere at some third location. Until they testified, the prosecution could not know whether its rebuttal evidence would be relevant. As stated previously, the state court specifically found that "the state had no way of knowing what [the alibi] witnesses would testify to." The dissent fails to accord this finding a presumption of correctness, as required by both section 2254(d) and by principles of federalism.

## IV

■ LaMere's third contention is that his conviction for both felony theft and robbery violated the double jeopardy component of the due process clause which prohibits multiple punishments for the same underlying offense. The established test for determining whether two offenses are sufficiently distinguishable to permit imposition of punishment under both was stated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182; *accord Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980) (*Vitale*).

Montana's robbery statute provides, in part:

> A person commits the offense of robbery if in the course of committing a theft he ... threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury....

Mont.Code Ann. § 45-5-401(1)(b) (1985). Montana has two different theft statutes, one for felony theft and another for misdemeanor theft. Misdemeanor theft occurs when "[a] person ... purposely or knowingly obtains or exerts unauthorized control over property of the owner and ... has the purpose of depriving the owner of the property." Mont.Code Ann. § 45-6-301(1)(a) (1985). At the time LaMere was convicted, felony theft was defined as misdemeanor theft of property worth over $150. Mont.Code Ann. § 45-6-301(5) (1981). Under Montana law, felony and misdemeanor theft are distinct substantive crimes. *See State v. Furlong*, 690 P.2d 986, 987-88 (Mont.1984) (misdemeanor theft is a lesser included offense of felony theft); *State v. Young*, 669 P.2d 239, 242 (Mont.1983) (value is an essential element of the crime of felony theft); *State v. Sunday*, 187 Mont. 292, 609 P.2d 1188, 1194 (1980) (value is "a fundamental element" of felony theft).

Under Montana law, robbery and felony theft each "require[ ] proof of an additional fact which the other does not." *Vitale*, 447 U.S. at 416, 100 S.Ct. at 2265 (citation omitted). Robbery requires proof that a defendant threatened or put another in fear of bodily harm; felony theft requires no such showing. Felony theft, on the other hand, requires the prosecution to prove that the personalty's value exceeds $150. Mont.Code Ann. § 45-6-301(1)(a)(5) (1983). A conviction for robbery does not. Applying the *Blockburger* test, it is apparent that LaMere's conviction for both crimes did not violate double jeopardy principles.

## V

■ LaMere's final argument is that the district judge erred in not appointing counsel to help him prepare his petition in the district court. By statute, district courts have discretion to appoint an attorney in habeas corpus proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." 18 U.S.C. § 3006A(g). In our review for abuse of discretion, *see Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137, 83 L.Ed.2d 77 (1984), we find none. LaMere's district court pleadings illustrate to us that he had a good understanding of the issues and the ability to present forcefully and coherently his contentions. *See id.* The district judge did not abuse his discretion in denying LaMere's request for appointment of an attorney.

AFFIRMED.

FLETCHER, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's opinion, except for one of the due process issues, which I believe compels reversal.

Under Montana law at the time of LaMere's trial, the prosecution was under a duty to provide a list of all of the rebuttal witnesses it intended to call, at least five days before trial, unless it could show

"good cause" for its failure to do so. The majority concludes that the prosecution was excused from its duty under the good cause exception because it did not know that the witnesses' testimony would rebut LaMere's alibi. I think that the prosecution had sufficient facts at its disposal to know that there was a reasonable chance that the witnesses' testimony would rebut LaMere's alibi, and that such knowledge gave rise to a duty to provide notice to LaMere.

In the majority's view, the prosecution may take advantage of the good cause exception unless it is certain that its witnesses will rebut a defendant's alibi. I think this view misinterprets the purpose of the good cause exception. The good cause exception is to cover such contingencies as the unavoidably late discovery or receipt of information. It is not to allow the withholding of information on the chance it may not in the end be relevant.

Under the prosecution's theory, the defendant would have to disclose not only the witnesses to his alibi defense, but the substance of the defense to avoid the risk of an "ambush" from surprise witnesses. *State v. Madera*, 670 P.2d 552, 566 (Mont. 1983) (Morrison, J., dissenting in part). But the statute makes no such requirement. Section 46–15–301(3) requires only that a defendant provide the prosecution with a list of names of alibi witnesses. Upon the exercise of the defendant's duty—simply to provide names—the State's duty arose. The defendant in this case did his duty.

As soon as LaMere provided the state with the names and addresses of his alibi witnesses, the prosecution should have been reasonably certain that the hospital witnesses could provide rebuttal testimony. One has only to look at the fact that the prosecution sought evidence of LaMere's location the night before the robbery to know that the evidence could be relevant. Certainly the state procured its information with the hope of rebutting a potential alibi. Further, the state knew that LaMere's five alibi witnesses had Idaho addresses. A reasonable conclusion would be that La-

Mere's alibi would place him in Idaho during the time surrounding the robbery. This information bolstered the likelihood that the witnesses could rebut LaMere's alibi, and in my view, was significant enough to give rise to a duty on the prosecution's part to provide notice of the hospital witnesses' possible testimony.

The majority also concluded that LaMere was not prejudiced by the late notice because he could have cross-examined the witnesses or requested a continuance. But once LaMere presented his alibi evidence, a continuance would have been of no benefit to him. Further, although he could have minimized the impact of the witnesses' testimony by subjecting them to cross-examination, the delay interfered with LaMere's ability to prepare and present his theory of defense. *See United States v. Krebs*, 788 F.2d 1166, 1176 (6th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 400, 93 L.Ed.2d 353 (1986).

Due process requires reciprocity of obligations in notice-of-alibi statutes. *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973). Section 46–15–301(3) on its face provides for the reciprocity of obligations. The prosecution breached its duty in this case. I would reverse.