995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Owen Todd EVANS, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 92-36857.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 26, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Owen Todd Evans, a Montana state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition. Evans contends that his convictions for felony assault and aggravated burglary violated the proscription against double jeopardy. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 After a jury trial, Evans was convicted of felony assault for causing bodily injury with a stun gun, felony assault for causing reasonable apprehension of serious bodily injury with a .45-caliber handgun, aggravated burglary, and automobile theft. He received an 80-year sentence.
 
 
 4
 Evans contends that his convictions for felony assault with a stun gun and aggravated burglary violated the double jeopardy clause because both offenses arose from the same criminal transaction, an attack on a woman at a neighboring condominium. This contention lacks merit.
 
 
 5
 The double jeopardy clause protects against multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984); In re Kurth Ranch, No. 91-35878, slip op. 1545, 1550 (9th Cir. Feb. 26, 1993). Multiple convictions arising from the same criminal transaction do not violate the double jeopardy clause if each of the offenses requires proof of a fact that the other does not. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)). This analysis "is essentially one of legislative intent." Johnson, 467 U.S. at 499. It is concerned only with the statutory elements of the offenses, and does not concern the evidence presented at trial. Grady v. Corbin, 495 U.S. 508, 521 n. 12 (1990).
 
 
 6
 Felony assault is defined as follows: "A person commits the offense of felony assault if he purposely or knowingly causes ... bodily injury to another with a weapon." Mont.Code Ann. § 45-5-202(2)(a). Aggravated burglary is defined as follows: "A person commits the offense of aggravated burglary if he knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein and ... in effecting entry or in the course of committing an offense or in immediate flight thereafter, he purposely, knowingly, or negligently inflicts or attempts to inflict bodily injury upon anyone." Mont.Code Ann. § 45-6-204(2)(b).
 
 
 7
 Evans argues that the assault was included in the burglary because one element of the burglary was inflicting or attempting to inflict bodily injury. This argument lacks merit because in addition to the element of inflicting bodily injury, felony assault has the element of use of a weapon. See Mont.Code Ann. § 45-5-202(2)(a); LaMere, 827 F.2d at 626. Evans argues that the assault was included in the burglary because this particular burglary involved infliction of bodily injury with a weapon. This argument lacks merit because double jeopardy analysis concerns only the statutory elements of the offenses. See Corbin, 495 U.S. at 521 n. 12; Johnson, 467 U.S. at 499. When Evans used a weapon, he committed an additional offense.
 
 
 8
 Evans also contends that his convictions for two counts of felony assault violated the double jeopardy clause. We do not consider this contention because Evans did not raise it below. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3