5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert ORTIZ, Petitioner-Appellant,
v.
Wayne ESTELLE; Attorney General of the State of California,
Respondents-Appellees.
 No. 91-56121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 6, 1993.*
Decided Aug. 18, 1993.
 
 1
 Appeal from the United States District Court for the Central District of California; No. CV-91-0233-KN, David V. Kenyon, District Judge, Presiding.
 
 
 2
 C.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING, FARRIS and KELLY,** Circuit Judges.
 
 
 5
 MEMORANDUM***
 
 OVERVIEW
 
 6
 Robert Ortiz appeals from the district court's dismissal of his petition for writ of habeas corpus challenging his state court conviction on multiple counts of rape and robbery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 DISCUSSION
 
 7
 Ortiz argues that he was denied the effective assistance of counsel at his suppression hearing because his attorney failed to investigate the whereabouts, and to secure the presence, of a witness to the search of his mother's home. The witness would have corroborated the testimony of Ortiz's mother that the warrantless search was nonconsensual.
 
 
 8
 Even if Ortiz could show that his attorney's representation was deficient, see Strickland v. Washington, 466 U.S. 668, 688 (1984), he must still prove that there is a reasonable probability that the verdict would have been different if the evidence had been excluded. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Ortiz cannot meet this burden. The rape victim, Patti S., positively identified Ortiz in a photographic lineup and in court. Ortiz was arrested in an old pale blue Honda with a distinctive red stripe matching the description of the vehicle observed by the victims at the crime scene. The vehicle contained clothing belonging to victim Steve Ohmit, and illfitting white sheepskin seat covers stolen from Patti S.'s car. It is not reasonably probable that the verdict would have been different if the evidence seized from Ortiz's mother's home--other shirts belonging to victim Steve Ohmit--had been excluded. No evidentiary hearing was required. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 9
 Ortiz also argues he was denied effective assistance of counsel at trial because his attorney failed to present a defense of diminished capacity. However, the only evidence in the record of mental impairment is a psychiatric diagnosis prepared five years after Ortiz's trial. Even if Ortiz is mentally impaired now, it is not clear what his condition was at the time of his trial. Moreover, trial counsel's decision not to develop a diminished capacity defense might have been based on a tactical judgment that it would be inconsistent with the alibi defense presented.
 
 
 10
 Ortiz next argues that the district court abused its discretion in denying his request for appointment of counsel. The district court has wide discretion in deciding whether to appoint counsel for habeas corpus petitioners. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987); Rule 8(c), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. Sec. 2254 (appointment of counsel mandatory only if evidentiary hearing required). When a habeas corpus petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. LaMere, 827 F.2d at 626.
 
 
 11
 Ortiz has demonstrated a good understanding of the issues. He has displayed throughout a familiarity with the tests required to establish ineffective assistance of counsel. Ortiz also has presented his contentions forcefully and coherently. The district court did not abuse its discretion in denying Ortiz's request for appointment of counsel.
 
 
 12
 None of Ortiz's remaining claims entitle him to relief. He had a fair opportunity to present his Fourth Amendment claims in state court and he cannot reassert them here. Stone v. Powell, 428 U.S. 465, 494 (1976). His sentencing claim challenges California's application of its own laws. Such claims are not cognizable on federal habeas corpus. See Engle v. Isaac, 456 U.S. 107, 119 (1982) (state prisoner is entitled to relief under 28 U.S.C. Sec. 2254 only if he is held in custody in violation of the Constitution, laws or treaties of the United States); McKinney v. Rees, No. 89-55869, slip op. 5945, 5953 (9th Cir. June 10, 1993).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3