34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. VOTH, Petitioner-Appellant,
v.
Manfred F. MAASS, Respondent-Appellee.
 No. 94-35106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Voth, an Oregon state prisoner, appeals pro se the district court's denial of his second 28 U.S.C. Sec. 2254 petition for habeas corpus as an abuse of the writ. Voth challenges his conviction for kidnapping and five counts of rape. We review for an abuse of discretion the denial of a petition for habeas corpus as successive or abusive. See Sanders v. United States, 373 U.S. 1, 18-19 (1963); Neuschafer v. Whitley, 860 F.2d 1470, 1474 (9th Cir.1988), cert. denied, 493 U.S. 906 (1989). We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 A second petition for habeas corpus relief is procedurally barred if "new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Rule 9(b), Rules Governing Section 2254 cases, 28 U.S.C. foll. Sec. 2254 (1982). A petitioner may abuse the writ by raising a claim in a second or subsequent petition for habeas corpus that he could have raised in the first petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991). The government bears the burden of pleading abuse of the writ. Id. at 494. The government may meet this burden by noting the petitioner's prior writ history, identifying the claims that appear for the first time, and alleging abuse of the writ. Id. The burden then shifts to the petitioner to disprove abuse of the writ, which can be done only by showing cause for failing to raise the claim in an earlier petition, and prejudice resulting therefrom. Id.; Harris v. Vasquez, 949 F.2d 1497, 1511-12 (9th Cir.1990), cert. denied, 112 S.Ct. 1275 (1992).
 
 
 4
 A claim may be barred as successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously was determined on the merits. See 28 U.S.C. Secs. 2244(b), 2254 foll. Rule 9 (1988). A ground is sufficient legal basis for granting the relief sought; a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive. Sanders, 373 U.S. at 16; Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). The burden of proof is on the petitioner to establish that the ends of justice would be served by relitigation of the claims previously decided against him. Sanders, 373 U.S. at 16. To meet this burden, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion).
 
 
 5
 The district court correctly noted that the government has met its burden in pleading abuse of the writ. See McClesky, 499 U.S. at 488. In a previous petition for habeas corpus, Voth alleged that the denial of his request for appointment of counsel at his criminal trial violated his constitutional rights. The district court found that at some point during Voth's criminal trial, his attorney resigned; Voth then proceeded pro se, and later requested appointment of counsel which was denied. In the instant petition, Voth alleges that he was denied access to his court appointed attorney while he was in jail awaiting trial. The district court determined that the claim in the instant petition was an abuse of the writ because it was sufficiently different from the claim raised in the previous petition such that constituted a new claim, and that Voth failed to show cause and prejudice for failure to raise the new claim in the previous petition. The district court further determined that its refusal to determine the claim on the merits would not result in a fundamental miscarriage of justice. The district court did not abuse its discretion in dismissing this petition. See Sanders, 373 U.S. at 18-19.
 
 
 6
 Voth argues, however, that the claim is not new, and that the district court therefore erred in dismissing his petition as an abuse of the writ. Nonetheless, if the claim is not new, Voth's petition would then be barred as successive. See Kuhlmann, 477 U.S. at 454; Sanders, 373 U.S. at 16.
 
 
 7
 The district court also did not abuse its discretion in denying Voth's request for appointment of counsel. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987) (district court has discretion to appoint counsel in habeas proceeding if appointment is in the interest of justice).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3