42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Graham TROTTER, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden, Respondent-Appellee.
 No. 93-56425.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Dec. 6, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Graham Trotter pleaded guilty to three counts of murder, robbery, and burglary in exchange for a sentence of life imprisonment without possibility of parole on the murder count, and a stay of sentence on the remaining charges. After exhausting his available state court remedies, Trotter filed the instant petition for writ of habeas corpus in federal district court. The matter was referred to a magistrate judge, who denied without prejudice each of Trotter's three motions for appointment of counsel. The district court adopted the magistrate judge's Report and Recommendation, denied the writ, and dismissed Trotter's petition. Trotter has timely appealed, arguing that the district court abused its discretion by denying his motions for appointed counsel to help obtain state medical records, and erred by declining to hold an evidentiary hearing on the issue of whether Trotter's trial counsel was ineffective.
 
 
 3
 The gist of Trotter's first argument is that he needed the assistance of a lawyer to help him obtain medical records that would have supported Trotter's contention that his guilty plea was invalid due to a drug-induced mental incompetency. We review for an abuse of discretion a district court's decision not to appoint counsel in a habeas proceeding. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir.1987). See also Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.) (unless evidentiary hearing necessary, decision not to appoint counsel is discretionary in Sec. 2254 proceeding), cert. denied, 469 U.S. 838 (1984).
 
 
 4
 While there is no constitutional right to appointed counsel under 28 U.S.C. Sec. 2254, McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987), a district court may appoint counsel in a habeas proceeding when (1) it is in the interests of justice to do so, and (2) the prisoner is financially unable to obtain legal representation. 18 U.S.C. Sec. 3006A(a)(2)(B). As it is undisputed that Trotter is financially unable to obtain legal representation, we turn to the "interests of justice" prong of this two-part test.
 
 
 5
 Whether or not the interests of justice warrant appointing counsel turns on two questions: First, is there a likelihood of the petitioner's succeeding on the merits?; and second, what is the petitioner's ability to articulate his claims in the light of their legal complexity? Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). Our review of the file, transcripts, and related materials, particularly the transcript of Trotter's change of plea hearing, leaves us in some doubt about the likelihood of Trotter's success on the merits. It is unclear whether and to what extent Trotter may have made a knowing, intelligent, and voluntary waiver of his right to trial, and the evidence is at best inconclusive with respect to the question of whether or not he suffered from a drug-induced mental incompetency. On the other hand, Trotter's pro se pleadings and related filings demonstrate little or no ability on his part to articulate his claims in the light of their legal complexity without assistance.[1]
 
 
 6
 Closely tied to the above is Trotter's second argument, viz., he should have received an evidentiary hearing on his claim that he received ineffective assistance of counsel. Trotter contends that there was no showing that his defense counsel made any effort to investigate and challenge the admission of certain evidence or to ascertain Trotter's mental state, either at the time the crimes were committed or during his change of plea hearing.
 
 
 7
 While a district court's decision not to hold an evidentiary hearing is examined for an abuse of discretion, "[a] habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (quoting Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989)). Of course, a state court's factual findings are entitled to a presumption of correctness. 28 U.S.C. Sec. 2254(d); Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992).
 
 
 8
 The voluntariness of a defendant's guilty plea is based on a determination of whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). Thus, "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (citation and internal quotation omitted). In Hill, the Supreme Court applied the test of Strickland v. Washington, 466 U.S. 668 (1984) to attacks on guilty pleas based on allegedly ineffective assistance of trial counsel. 474 U.S. at 57. In order for a habeas petitioner to establish that he received ineffective assistance of counsel, he must allege and show that his attorney's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687-88, 694.
 
 
 9
 We find that Trotter's claims are so intertwined that we cannot answer the second question--Was Trotter denied the effective assistance of counsel?--without knowing the answer to the first question--Would the unobtained state medical records have made a difference? Because the relevant medical reports may serve as a foundation for Trotter's claim of ineffective assistance, and the plea proceedings present a somewhat thin and dubious record, we cannot affirm on the materials before us.
 
 
 10
 Accordingly, the decision appealed from is REVERSED and the case is REMANDED. The district court is directed to appoint counsel for Trotter and to hold an evidentiary hearing, if the evidence marshalled by counsel proves sufficient to require one.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, for example, a huge discrepancy in the quality of Trotter's writings. While some are nearly incomprehensible, others bear the hallmark of having been drafted either by a lawyer or at least a talented prison writ-writer