87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Madhu D. DALAL, Plaintiff-Appellant,
v.
KAISER PERMANENTE; Ken Collings; Jim Mathews; Darryl
Melvin; Jim Robinson; Dely Tsuchida, Defendants-Appellees.
 No. 95-55223.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 18, 1996.
As Amended on Denial of Rehearing and Suggestion for
Rehearing En Banc Aug. 7, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Madhu D. Dalal appeals pro se the district court's grant of summary judgment in favor of Kaiser Permanente and individual Kaiser employees (collectively "Kaiser") in her employment discrimination action alleging national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII). Dalal also contends that the district court erred by holding that her various state law claims are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Dalal is an East-Indian American who had been employed by Kaiser in the Supply Processing and Distribution (SPD) Department. Kaiser terminated her employment on May 30, 1991 following an incident on May 17, 1991. Kaiser attributed the termination to her "gross misconduct and insubordination" during the incident. ER tab 13 at 107.
 
 
 4
 The following events occurred on May 17-18, 1991.[1] Dalal was scheduled to start work on May 17 at 10:00 p.m. However she telephoned Kaiser that evening and said she would be two hours late. When she arrived, James Robinson, an African-American who was functioning as the "Senior" or "lead person" on duty, ordered her to do the "bin work" which consists of loading clinical bins with sterilized equipment. Dalal told Robinson that he was supposed to do the bin work on Fridays, ER tab 14 at 332, and refused to comply with his order. Next, Dalal called the supervisor, Darryl Melvin, who was in another department of the hospital. He told her to do the bin work. Dalal asked Melvin to come to the SPD department to explain why she had to do the bin work. Melvin instructed Dalal to go home but Dalal refused.
 
 
 5
 Melvin then instituted a conference call with Jim Matthews, the department supervisor, and Dalal. Matthews also instructed Dalal to do the bin work and told her that her refusal to do so would constitute insubordination. Dalal refused and Matthews told her to go home. Dalal told Matthews that she would not leave unless he came to the hospital and ordered her in writing to leave. Matthews declined and Dalal was escorted from the hospital by security officers. As she left the hospital, Dalal told Robinson "You'll get yours!" and "Your day will come too!"
 
 
 6
 Dalal was terminated on May 30, 1991 on the grounds that her behavior on May 17-18 constituted gross misconduct, insubordination, and failure to follow her supervisors' orders. Dalal filed a complaint with the United States Equal Opportunity Commission (Commission) which performed an investigation into Dalal's allegations that Kaiser had discriminated against her because she is an East-Indian American. The Commission concluded that there is no evidence that Kaiser's actions violated Title VII and issued Dalal a right to sue letter. ER tab 3 at 14.
 
 
 7
 Dalal then filed this action and requested that the district court appoint counsel for her. The district court refused to appoint counsel and eventually dismissed the action. This appeal followed.
 
 II
 
 8
 A district court has the discretion to appoint counsel in a Title VII action "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(b). We have previously held that the court must consider three factors when deciding whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981). We review the district court's refusal to appoint counsel for an abuse of discretion. Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir.1982).
 
 
 9
 Here, Dalal filed a pre-printed request for appointment of counsel along with a memorandum of points and authorities in support of her request. ER tab 10. The district court denied Dalal's request on the grounds that "it appears that plaintiff has a good grasp of the case and the legal issues involved." ER tab 11. The district court did not address the merits of Dalal's case, and cited case law setting forth the standards for appointment of counsel under the in forma pauperis statute and for habeas corpus proceedings, see Terrill v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (in forma pauperis); LeMere V. Risley, 827 F.2d 622, 626 (9th Cir.1987) (habeas corpus), which are different than the standards used for appointment of counsel under Title VII.
 
 
 10
 The district court's application of the incorrect law to Dalal's request for appointment of counsel under Title VII was an abuse of discretion. Kayes v. Pacific Lumber Co., 51 F.3d 1449, 1464 (9th Cir.1995). However, the district court's error does not require reversal if the error was harmless, 28 U.S.C. § 2111, or if the district court's decision can be affirmed on another ground finding support in the record. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 11
 The record shows that Dalal satisfied the first two prongs of the Bradshaw test by submitting evidence of her poverty and attempts to secure counsel. ER tab 10. The missing element, which the district court did not mention in its order denying appointment of counsel, is whether Dalal's claim had merit. However, the district court later granted summary judgment on Dalal's Title VII action because Dalal's claim lacked merit. ER tab 17 at 519-23. Therefore, if the district court's grant of summary judgment was not in error, neither was its decision not to appoint counsel.
 
 
 12
 We are mindful that in certain situations a party's claim might appear to lack merit only because the party was proceeding pro se: if the party had a lawyer, he or she would had known what facts to enunciate in order to survive summary judgment. This, however, is not such a situation. The district court took great pains to determine what facts supported Dalal's Title VII action. For example, the court issued a questionnaire to Dalal asking why she disagreed with the Commission's determination that there was "no reasonable cause" for a Title VII action and instructed Dalal to "[b]e specific and support your objection with fact." ER tab 10 at 41. Dalal only responded with general allegations of a Kaiser cover-up, and a denial that she ever refused to perform her duties (a fact she later admitted was true, ER tab 14 at 332). ER tab 10 at 48. Later, in Dalal's motion in opposition to summary judgment, Dalal contended that summary judgment should not be granted because "it rests in many instances upon the state of mind of the parties involved, such as their motive, intent, and knowledge." ER tab 14 at 330. At the summary judgment hearing, the court asked Dalal if there were any "facts the interrogatories could develop that would create a material issue of fact." ER tab 17 at 477. Dalal could not state any such facts. The district court adjourned the hearing on another ground, but when the hearing continued the next day, it allowed Dalal to state what additional facts she sought to discover to support her Title VII claim. None of the responses Dalal gave would support her claim. ER tab 17 at 494-499. Furthermore, the district court allowed Dalal to file two additional last-minute documents opposing summary judgment. Thus, we are confident that when the district court granted summary judgment on Dalal's Title VII claim--essentially finding that the claim has no merit--it did so for reasons unaffected by Dalal's lack of counsel.
 
 
 13
 We review, therefore, the district court's grant of summary judgment on the Title VII claim. Our review is de novo. Jessinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1987). We cannot affirm unless we determine that, viewing the evidence in favor of Dalal, there are no genuine issues of material fact and the district court correctly applied the relevant substantive law. Id.
 
 
 14
 The burden of proof in Title VII cases is allocated as follows:
 
 
 15
 [A] plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory.
 
 
 16
 Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985), modified, 784 F.2d 1407 (9th Cir.1986). Here, the district court held that Dalal never made a prima facie case, ER tab 17 at 519-20, and therefore summary judgment was appropriate.[2]
 
 
 17
 In order to establish a prima facie case of discrimination, a plaintiff "need only offer evidence which gives rise to an inference of unlawful discrimination." Wallis v. J.R. Simplot Company, 26 F.3d 885, 889 (9th Cir.1994). The prima facie case can be based on a presumption arising from lists of factors identified by this court.[3] For discriminatory discharge, the relevant list of factors consists of the following: (1) the plaintiff was in a protected class; (2) she was performing her job well enough to rule out the possibility that she was fired for inadequate performance; and (3) her employer sought a replacement with qualifications similar to her own, thus demonstrating a continued need for the same services and skills. Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988).
 
 
 18
 The district court held that Dalal failed to present any evidence that Kaiser sought a replacement with qualifications similar to her own and therefore she did not present a prima facie case. On appeal, Dalal introduces two pieces of evidence which she claims will cure her earlier deficiency: a photocopy of the January 26, 1992 "help-wanted" section of the San Diego Tribune which contains a Kaiser advertisement for SPD Technicians, ER tab 28; and a declaration by George Evangelista which purports to show when all of the SPD Technicians were hired in Kaiser's SPD Department. See Dalal's "Motion for Leave to Produce Newly Acquired Evidence on Appeal," filed November 13, 1995.
 
 
 19
 This evidence is not properly before us because it was never presented to the district court. United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the District Court are not part of the record on appeal."). Moreover, even if the evidence Dalal offers were proper for appellate review; our conclusion that the district court correctly granted summary judgement would only be strengthened as the Evangelista declaration shows that no new employees were hired in the SPD Department until August 17, 1992--over fourteen months after Dalal's May 30, 1991 termination.
 
 
 20
 Furthermore, Dalal has not presented sufficient evidence to show that she was performing her job well enough to rule out the possibility that she was fired for inadequate performance (the second prong of the Pejic inquiry). She disobeyed the order of a superior by refusing to perform "bin work." She refused to leave the building until a security guard was called. Dalal has not explained how this behavior constituted adequate performance of her duties.
 
 
 21
 In short, we agree with the district court that Dalal has not presented a prima facie case of discrimination. Dalal's action has no merit and therefore the district court did not err by refusing to appoint counsel and by granting summary judgment in favor of Kaiser.
 
 III
 
 22
 All of Dalal's state law claims are based on Kaiser's alleged discrimination. Dalal's Opening Brief at 12. Because Dalal's discrimination action does not survive summary judgment, her state law claims fail.
 
 IV
 
 23
 We AFFIRM the district court's grant of summary judgment in favor of Kaiser and its decision not to appoint counsel for Dalal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Unless otherwise noted, the description of the events of May 17-18 come from Dalal's "Statement of Genuine Issues in Opposition to Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment." ER tab 14 at 354-388
 
 
 [2]
 The district court also held that, even if Dalal did present a prima facie case, she did not to present sufficient evidence to overcome the defendants' explanations for their actions were merely a pretext for discrimination. ER tab 17 at 521. Because we agree that Dalal has not presented a prima facie case, we need not address the alternate grounds for the district court's judgment
 
 
 [3]
 The prima facie case can also be established by more direct evidence of discriminatory intent (such as discriminatory statements made by the defendant). Wallis, 26 F.3d at 889. However, Dalal has not offered such evidence