**Darrell D. HALL, Petitioner–Appellant,**

v.

**Doug CHASE, Respondent–Appellee.**

No. 02–35163.

D.C. No. CV–01–00084–M.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM**

Montana state prisoner Darrell D. Hall appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Reviewing de novo, *see Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Hall's federal due process rights were not violated by the fact that the charging document did not state that a weapons enhancement would be applied if he were found guilty. *See Oyler v. Boles,* 368 U.S. 448, 452, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *LaMere v. Risley,* 827 F.2d 622, 624 (9th Cir.1987) (stating that notice of the applicability of Montana's weapons enhancement statute need not be given in the

charging document). Hall provides no evidence that he did not receive notice of the enhancement prior to sentencing, which is all that the Due Process Clause requires. *See id.* Thus, the district court properly determined that the Montana Supreme Court's rejection of Hall's claim is not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Van Tran v. Lindsey,* 212 F.3d 1143, 1149–54 (9th Cir.2000).[1]

**AFFIRMED.**

■

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ediberto AVILA, Defendant— Appellant.**

No. 02–30207.

D.C. No. CR–01–00280–HJF.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because no certificate of appealability has been granted on the other issues raised by Hall in his brief on appeal, we do not address them. *See* 28 U.S.C. § 2253(c)(1)(A); *Hiivala*

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

### MEMORANDUM**

Ediberto Avila appeals the district court's refusal to grant him a downward departure when imposing a 77–month sentence arising from his guilty-plea conviction for illegal reentry of a removed alien under 8 U.S.C. § 1326(a). We dismiss for lack of jurisdiction because contrary to Avila's contention, the district court acknowledged its discretion to depart downward in sentencing him for illegal reentry, and exercised its discretion in refusing to do so. *See United States v. Garcia–Garcia,* 927 F.2d 489, 490–91 (9th Cir.1991) (per curiam). In addition, the district court considered Avila's request for a downward departure in ordering that his 18–month sentence for violating supervised release run concurrently with his 77–month sentence.

**DISMISSED.**

John M. VELASQUEZ, Plaintiff—
Appellant,

v.

**ARIZONA CHARLIE, INC.,**
Defendant—Appellee.

No. 02–16232.

D.C. No. CV–01–00325–LRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

---

*v. Wood,* 195 F.3d 1098, 1102–03 (9th Cir. 1999) (per curiam).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).