**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10079 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00279-APG-VCF-1 |
| v. | |
| BRET ALAN HUMPHRIES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted June 16, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

Bret Humphries appeals his conviction for "receiv[ing] or distribut[ing]" child pornography under 18 U.S.C. § 2252A(a)(2). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.      We review "a district court's admission of evidence for abuse of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion." *United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013). We also review for abuse of discretion the district court's decision whether to invoke judicial estoppel. *See United States v. Ruiz*, 73 F.3d 949, 953 (9th Cir. 1996). The district court did not abuse its discretion in declining to apply judicial estoppel when it admitted evidence of downloads to government computers showing that Humphries distributed child pornography.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Three factors "inform the decision whether to apply the doctrine in a particular case." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). "First, a party's later position must be clearly inconsistent with its earlier position." *Id.* (quotations omitted). Second, the party must have "succeeded in persuading [the] court to accept that party's earlier position." *Id.* Third, the party seeking to assert the inconsistent position must "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

Even if Humphries could show that the first two factors were met, he cannot show the third factor, and thus that the district court abused its discretion in allowing the disputed evidence. The government did not "derive an unfair advantage" over Humphries. *Id.* As the district court recognized, any unfair advantage to Humphries

consisted of the government seeking to admit evidence at trial that Humphries thought would be excluded. Because Humphries declined multiple offers for a trial continuance, he cannot show the government gained an unfair advantage. *See LaMere v. Risley*, 827 F.2d 622, 625 (9th Cir. 1987) (failing to ask for continuance undermines claim of prejudice).

2.     Humphries further argues that the district court should have held an evidentiary hearing before it admitted the law enforcement downloads. We review this issue for abuse of discretion. *See United States v. Cook*, 808 F.3d 1195, 1201 (9th Cir. 2015). The district court did not abuse its discretion in declining to hold an evidentiary hearing. While Humphries maintains that such a hearing was needed because the district court rejected the recommendation of the magistrate judge, that is not what happened here. The magistrate judge ruled on the discoverability of the government software's source code, and the district court ruled on a different matter: the admissibility of evidence at trial. Further, Humphries does not otherwise explain why an evidentiary hearing was needed on the judicial estoppel issue when the district court reviewed the transcript from the hearing before the magistrate judge.

3.     Even if the district court erred in admitting the evidence of downloads, any error was harmless. "Reversal is not required if there is a fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Lague*, 971 F.3d 1032, 1041

(9th Cir. 2020) (quotations omitted).  The government presented overwhelming evidence that Humphries received child pornography, which was sufficient to sustain his conviction.  *See* 18 U.S.C. § 2252A(a)(2).  Evidence presented at trial showed that Humphries used a password-protected computer that had images and videos showing children engaging in sexual acts.  The evidence also showed that Humphries opened and viewed files with file names consistent with child sexual material.  Thus, any error in admitting evidence relating to Humphries's distribution of child pornography was harmless.

**AFFIRMED.**