**Arthur N. AIKEN, Petitioner–Appellant,**

v.

**James BLODGETT, Superintendent, Respondent–Appellee.**

No. 90–35290.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 1990 *.

Decided Dec. 12, 1990.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Arthur N. Aiken, Walla Walla, Wash., pro se.

John M. Jones, Asst. Atty. Gen., Corrections Div., Olympia, Wash., for respondent-appellee.

Before GOODWIN, Chief Judge, WRIGHT and NOONAN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

For 25 years this case has been winding its way through state and federal courts. After dismissal of an earlier habeas corpus petition for failure to exhaust in 1988, the petitioner has returned for an adjudication on the merits. We reject his claim that new evidence shows that his confession was involuntary. We find no merit in his other constitutional claims and affirm the district court's denial of the petition.

I

In 1965, three Seattle area service stations were robbed and the attendants murdered. The day after the third murder, Arthur N. Aiken was arrested and interrogated by two police officers. He allegedly asked for an attorney several times during the interrogation, which was tape recorded. The officers testified that they did not hear such requests.

Initially, Aiken denied any knowledge of the crimes but, after being confronted with his co-defendant's statements, he confessed. He was convicted in state court of first degree murder and now is serving three consecutive life sentences.

Aiken initiated a habeas corpus petition in 1985, claiming that new evidence would prove that the officers intentionally ignored his requests for counsel. He maintains that Mr. Shipp, a speech pathologist, can prove that Aiken's requests for counsel were the same decibel level as his other responses to the officers' questions. Aiken argues that this demonstrates that the offi-

cers heard his requests but ignored them, making his confession involuntary.

The district court denied the original 28 U.S.C. § 2254 petition. Aiken appealed to this court, which vacated the district court's decision and dismissed for failure to exhaust.[1]

Aiken returned to the Washington courts with a personal restraint petition. The state supreme court denied discretionary review, finding Aiken's claim procedurally barred because the question of what the officers heard was reviewed on direct appeal.

Aiken again filed a federal habeas petition. The district court decided the claim was not procedurally barred, but dismissed it on the merits. Aiken appeals pro se. We review de novo the denial of the habeas corpus petition. *McSherry v. Block,* 880 F.2d 1049, 1051 (9th Cir.1989).

## II

### A

The state argues that, because Aiken litigated his present claim on direct appeal from his state conviction, he is procedurally barred from relitigating it now in federal court.

■ Federal relief is unavailable to a habeas petitioner if he is procedurally barred from raising the federal issue in a state habeas proceeding. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2507, 53 L.Ed.2d 594 (1977). The claim will be barred from reconsideration in federal court if the state court judgment on collateral review is clearly and expressly grounded on a state procedural rule. *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 1043, 1044 n. 10, 103 L.Ed.2d 308 (1989). We are bound by the state court's interpretation of its own rules. *McSherry,* 880 F.2d at 1052 n. 2; *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989).

■ Under Washington law, if the issue raised in the collateral attack was addressed on direct appeal and "the ends of justice would not be served" by relitigating the matter, the criminal defendant's petition will be dismissed. *In re Taylor,* 105 Wash.2d 683, 688, 717 P.2d 755, 758 (1986). Here, the state trial and appellate courts decided that the interrogating officers did not hear Aiken's requests for counsel. *State v. Aiken,* 72 Wash.2d 306, 338, 434 P.2d 10, 31 (1967).

In denying discretionary review of the dismissal of Aiken's personal restraint petition, the Washington Supreme Court noted that a three-day hearing had been held on the question of what the officers heard. The court found no credible explanation for why similar evidence of decibel levels was not presented at trial and concluded that Shipp's affidavit was merely expert testimony about existing evidence. It also viewed the affidavit as an attempt to impeach the credibility of witnesses, which does not qualify as "new evidence." *State v. Williams,* 96 Wash.2d 215, 223, 634 P.2d 868, 873 (1981).

The court clearly based its decision on state procedural grounds.

### B

We may hear Aiken's claim, despite the state procedural bar, if the petitioner can show cause and actual prejudice. *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982). This cause-and-prejudice rule is grounded on comity concerns and is not jurisdictional. *Reed v. Ross,* 468 U.S. 1, 9–11, 104 S.Ct. 2901, 2906–08, 82 L.Ed.2d 1 (1984). Because Aiken's petition fails on the merits, we need not decide whether cause and prejudice exist here.

### III

■ Aiken presents Shipp's affidavit as a challenge to the state court's findings

---

1. A more detailed summary of the facts and procedural history may be found in *Aiken v.* *Spalding,* 841 F.2d 881 (9th Cir.1988).

that the officers did not hear his requests for counsel and that his confession was voluntary. In a 28 U.S.C. § 2254 habeas petition, we must presume state court findings of fact are correct, unless one of eight statutory exceptions should apply. *Sumner v. Mata,* 455 U.S. 591, 592, 102 S.Ct. 1303, 1304, 71 L.Ed.2d 480 (1982). We are concerned here only with whether the record adequately supports the state court's findings.

The ultimate legal question whether the confession was voluntary is subject to an independent determination by a federal court, but the underlying facts are entitled to a § 2254(d) presumption. *Miller v. Fenton,* 474 U.S. 104, 112, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985). What the officers heard during Aiken's interrogation is a fact question.

■ The state trial court held a three-day hearing to determine whether the officers heard Aiken ask for an attorney. The state supreme court upheld the trial court's conclusion that they did not hear or understand him. *Aiken,* 72 Wash.2d at 338, 434 P.2d at 31. Aiken's attempt to challenge this conclusion with the introduction of new evidence fails.

The new decibel evidence can show only that the officers *could* have heard Aiken. It cannot prove they *did* hear or understand him. Furthermore, Shipp's affidavit amounts to a challenge to the credibility of the officers' testimony about what they heard. Section 2254(d) "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court." *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983).

■ Our refusal to disrupt the state court's factual finding that the officers failed to hear Aiken does not end our inquiry. We must look to the totality of the circumstances to determine if the confession was voluntary. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).

We find no evidence of mistreatment, abuse or an excessively long interrogation.

Nothing in the record indicates that Aiken's "will [was] overborne and his capacity for self-determination critically impaired." *Culombe v. Connecticut,* 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961). We agree with the district court that the confession was voluntary.

## IV

■ Under Washington law, Aiken was entitled to have the trial jury determine the voluntariness of his confession. *Aiken,* 72 Wash.2d at 344, 434 P.2d at 34. Although this right is not constitutionally required, an arbitrary denial of such a state-created right will violate due process. *Hines v. Enomoto,* 658 F.2d 667, 672 (9th Cir.1981).

Aiken asserts that the trial court acted arbitrarily in denying his attorney access to the original tapes. This action allegedly hindered Aiken's ability to argue that his confession was involuntary.

■ There is nothing in the record to indicate that Aiken's attorney wanted the original tapes in order to have them analyzed, as Shipp did 15 years later. After access was denied, the attorney made no attempt to notify the trial judge that he needed the tapes for analysis in addition to the transcript. Protecting valuable evidence was a reasonable justification for the judge to withhold the tapes. *See Aiken,* 72 Wash.2d at 345–46, 434 P.2d at 35.

We agree with the district court that there was no due process violation.

## V

■ Aiken alleges that due to pretrial publicity, he was denied his constitutional rights to a fair trial and an impartial jury. State court findings on these issues are subject to the § 2254(d) presumption of correctness. *Austad v. Risley,* 761 F.2d 1348, 1350 (9th Cir.), *cert. denied,* 474 U.S. 856, 106 S.Ct. 163, 88 L.Ed.2d 135 (1985). We find nothing in the record to indicate that Aiken's rights were violated.

We AFFIRM the denial of the habeas petition.

