19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George M. REED, Jr., Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, ADOC; Grant Woods, Attorney
General of the State of Arizona, Respondents-Appellees.
 No. 93-16362.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Reed of two counts of armed robbery and one count of attempted armed robbery. He appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus, which we review de novo. La Mere v. Risley, 827 F.2d 622, 623 (9th Cir.1987). We liberally construe his pro se appeal to identify cognizable arguments. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987). Because Reed fails to show any wrong of constitutional dimension, we affirm.
 
 
 3
 Reed first argues that his confession was coerced by police misconduct. Police may not re-initiate the interrogation of a suspect in custody after the suspect invokes the right to counsel. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). If a suspect initiates further discussion about the case, courts consider the totality of the circumstances to determine whether he has knowingly and intelligently waived the right to counsel. See Oregon v. Bradshaw, 462 U.S. 1039, 1046 (1983).
 
 
 4
 The police immediately terminated questioning when Reed invoked his right to counsel. About half an hour later, Reed asked to strike a deal, but the police declined to bargain. About four hours after the police initially terminated questioning, Reed asked "what's going on?" The police told him that he would be charged with the armed robberies, that they would ask no further questions, and that they were not going to get him an attorney. See Kirby v. Illinois, 406 U.S. 682, 688-89 (1972) (Sixth Amendment right to counsel does not attach until adversary judicial proceedings are initiated). Reed said he did not want an attorney, but did want to tell the police about the crimes.
 
 
 5
 Reed initiated the discussion. Before confessing, he rejected the opportunity to speak with a lawyer. The record contains no evidence that his "will [was] overborne and his capacity for self-determination critically impaired" by police mistreatment, abuse or excessively long interrogation. Aiken v. Blodgett, 921 F.2d 214, 217 (9th Cir.1990) (citation and quotation marks omitted).
 
 
 6
 Reed next argues that the delay in disclosing rebuttal evidence was constitutionally prohibited. The issue is whether the court denied him due process, not whether the trial court erred in applying state discovery rules. See Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir.1991).
 
 
 7
 Reed insists that after he notified the prosecutor of his intent to call an alibi witness, the prosecutor had a duty to disclose any rebuttal evidence.[1] Arizona requires defendants to disclose alibi witnesses before trial, and requires the government to provide reciprocal discovery of rebuttal evidence. Ariz.R.Crim.P. 15.2(b) and 15.1(f); see Wardius v. Oregon, 412 U.S. 470, 473-74 (1973) (discussing notice-of-alibi rules).
 
 
 8
 "In determining whether disclosure [of rebuttal evidence] was timely enough to satisfy due process, we consider the prosecution's reasons for late disclosure, and whether the defendant had an opportunity to make use of the disclosed material." La Mere, 827 F.2d at 625 (citation omitted). Assuming Reed properly notified the prosecutor of his intended alibi defense, the disclosure of newly discovered rebuttal evidence during trial did not violate his due process rights.[2]
 
 
 9
 Reed objects to the admission of two photographs that show he used a victim's ATM card at a Phoenix bank on the evening of the robberies. The police did not obtain that evidence until March 11, 1988, the day before Reed began to present his defense. The prosecutor disclosed it after Reed's opening statement, just before he presented his first witness. Six days after disclosure, over Reed's objection, the trial court admitted the photographs to rebut the testimony of an alibi witness. That witness had said that Reed was out of the area during the robberies.
 
 
 10
 The government gave legitimate reasons for the delayed disclosure. The prosecutor said he did not originally seek evidence concerning use of the ATM card, because he thought it would be inadmissible "other crime" evidence. This changed when Reed cross-examined a co-defendant about using the card. A detective then inquired about and obtained the photographs from the bank. The trial court concluded that the government did not hold back the evidence "to gain some unfair advantage." We accord this finding a presumption of correctness. 28 U.S.C. Sec. 2254(d); La Mere, 827 F.2d at 625.
 
 
 11
 The court also heard testimony from the bank investigator who obtained the photographs. He said he did not submit the photographs to the police when he initially collected them in 1986. They were not provided to the police until the detective called the bank on March 11, 1988.
 
 
 12
 Reed also had time to make use of the evidence because he was "given ample opportunity to mitigate any surprise or prejudice he may have suffered as a result of the late notice." La Mere, 827 F.2d at 625. The trial judge warned Reed before he presented any witnesses, that admission of the photographs depended on what Reed brought out in his case-in-chief. Then Reed proceeded to call his alibi witness.
 
 
 13
 Reed was not prejudiced by the failure of the prosecutor to disclose the evidence prior to his opening, because Reed did not commit to or even mention an alibi defense. At the most he said the evidence would show he was not the one who committed the crimes. Reed had an opportunity to interview the foundation witnesses and to examine the evidence.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 During a pretrial hearing the prosecutor said, "[y]our Honor, I asked for some specificity from George [Reed], once he started telling me he had some new witnesses, and he submitted an alibi and mistaken identity defense list, and I have no problems with him providing that to us."
 
 
 [2]
 Prior disclosure of this evidence was also not required under Brady v. Maryland, 373 U.S. 83, 86 (1963). The evidence was unfavorable to Reed, Weatherford v. Bursey, 429 U.S. 545, 559 (1977), and had not previously been in the prosecutor's possession. United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir.1986)