46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene Paul GERMAINE, Petitioner-Appellant,
v.
Eddie MEYERS, Warden; Attorney General for the State of
California, Respondents-Appellees.
 No. 93-55460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene Paul Germaine, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. The district court denied Germaine's Sec. 2254 petition after conducting an evidentiary hearing on Germaine's claims of ineffective assistance of counsel. Germaine contends that he was denied the effective assistance of trial counsel because his attorney: (1) failed to interview an eyewitness; (2) stipulated to the admission of a coroner's report without investigating the accuracy of the report; and (3) failed to adequately cross-examine the prosecution's chief witness. We have jurisdiction under 28 U.S.C. Sec. 2253, and affirm.
 
 
 3
 We review the district court's denial of a petition for habeas corpus de novo. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). To the extent it is necessary to review findings of fact, the clearly erroneous standard applies. Id.
 
 
 4
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 5
 On March 5, 1988, Germaine hit a pedestrian, Chae Song, during heavy traffic when Song crossed in front of Germaine's car. Germaine drove over Song as he fled the scene. Song died from the resulting injuries. Following a court trial, Germaine was convicted of second degree murder and felony hit and run. The court sentenced Germaine to a term of sixteen years to life for the murder conviction and stayed the sentence for the hit and run conviction. At trial, Germaine argued that he lacked the implied malice for second degree murder and that the evidence only supported a vehicular manslaughter conviction.
 
 
 6
 Germaine contends that he received ineffective assistance of counsel because his attorney failed to interview Barbara Pazornik, who was an eyewitness to the incident. Germaine contends that Pazornik's testimony would have undermined the credibility of the other eyewitness, Marcus Demian. These contentions lack merit.
 
 
 7
 We need not consider whether defense counsel's performance was deficient because Germaine has not demonstrated a reasonable probability that the result of his trial would have been different if Pazornik had testified. See Strickland, 466 U.S. at 694. At the evidentiary hearing, Pazornik testified that she saw the incident in the rearview mirror of her car. She testified that she saw Germaine hit Song, back up, swerve around Song, and hit Song again as Germaine fled the scene. Pazornik testified that she never saw Germaine run over Song. Pazornik's testimony conflicts with Marcus Demian's testimony, the coroner's report, and Germaine's testimony; it is undisputed that Germaine ran over Song at least once. In addition, Pazornik was approximately 700 feet away from the incident whereas Demian was almost directly opposite from Germaine's car. The district court's finding that Pazornik's testimony lacked persuasiveness was not clearly erroneous. See Hendricks, 993 F.2d at 668.
 
 
 8
 Furthermore, the trial court's finding that Demian's testimony was highly credible is entitled to a presumption of correctness. See 28 U.S.C. Sec. 2254(d); Aiken v. Blodgett, 921 F.2d 214, 217 (9th Cir.1990), cert. denied, 112 S.Ct. 125 (1991). Germaine has failed to demonstrate that any exception to this presumption applies. See 28 U.S.C. Sec. 2254(d); Aiken, 921 F.2d at 217. Accordingly, Germaine has not shown prejudice from the alleged ineffectiveness of his attorney in failing to interview Pazornik. See Fretwell, 113 S.Ct. at 844; Strickland, 466 U.S. at 687-88.
 
 
 9
 Germaine contends that he received ineffective assistance of counsel because his attorney stipulated to the admission of Dr. Howard Jackson's autopsy report without investigating the accuracy of Dr. Jackson's statements. Germaine contends that his attorney's performance was deficient because Dr. Jackson's statement that the victim was "likely runover [sic] more than once" was not based on medical findings. These contentions lack merit.
 
 
 10
 Germaine has failed to show a reasonable probability that the result of his trial would have been different if Dr. Jackson had testified. See Strickland, 466 U.S. at 694. Dr. Jackson testified at the evidentiary hearing that his statement was based on the investigative report rather than his own medical findings. However, Dr. Jackson also testified that his medical findings could support Demian's testimony that Germaine ran over Song three times. Dr. Jackson concluded with certainty that Song was run over at least once. The admission of Dr. Jackson's autopsy report did not render Germaine's trial fundamentally unfair or unreliable. See Fretwell, 113 S.Ct. at 844. Accordingly, Germaine has not shown prejudice from the alleged ineffectiveness of his attorney in failing to investigate Dr. Jackson's autopsy report. See id.; Strickland, 466 U.S. at 687-88.
 
 
 11
 Germaine contends that he received ineffective assistance of counsel because his attorney failed to impeach Marcus Demian with prior inconsistent statements. This contention lacks merit.
 
 
 12
 Germaine has failed to demonstrate that the alleged error prejudiced his defense. See Strickland, 466 U.S. at 692. Demian originally told the police that Germaine fled the scene without stopping. At trial, Demian testified that Germaine backed up and rolled over Song three times before he fled. On cross-examination, Demian stated that he could not remember his initial statements to the police. Although counsel did not specifically attempt to impeach Demian with the police report, counsel argued in closing that Demian's trial testimony was inconsistent with his prior statements. Germaine has not demonstrated a reasonable probability that the result of his trial would have been different if he had introduced the actual police report to impeach Demian. See id. at 694. Accordingly, Germaine has not shown prejudice from the alleged ineffectiveness of his attorney in failing to impeach Demian. See Fretwell, 113 S.Ct. at 844; Strickland, 466 U.S. at 687-88.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's motion to file a late reply brief is granted. The Clerk of the Court is directed to file appellant's reply brief, received October 6, 1994
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3