104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Gene McNEELY, Petitioner-Appellant,
v.
Ana M. OLIVAREZ, Respondent-Appellee.
 No. 96-15138.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Gene McNeely, a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition challenging his jury conviction for the second degree murder of his wife. McNeely contends that the district court erred by denying his petition because: (1) trial counsel was ineffective on several grounds; (2) newly discovered evidence supports his argument of actual innocence; and (3) his due process rights were violated in several ways. We review de novo a district court's decision on a § 2254 petition. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 McNeely contends that trial counsel was ineffective on several grounds. We disagree.
 
 
 4
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong" Id. at 697. A petitioner must overcome the presumption that counsel exercised sound trial strategy, under the circumstances. Id. at 689.
 
 
 5
 First, McNeely argues that trial counsel failed to investigate the unauthorized use of McNeely's credit card and driver's license. McNeely claims that the identity of the real killer, Gordon Gilbert Jr., would have been discovered had trial counsel investigated the Visa card charges.
 
 
 6
 Trial counsel strategically decided against investigating the use of McNeely's credit card and driver's license because they were irrelevant in light of McNeely's admission that he shot his wife in a fit of passion. Accordingly, the district court correctly determined that counsel was not ineffective. See Strickland, 466 U.S. at 689.
 
 
 7
 Next, McNeely contends that trial counsel coerced into confessing to his wife's murder. This claim lacks merit.
 
 
 8
 Mere conclusory allegations are insufficient to prove that counsel was ineffective. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir.1995).
 
 
 9
 Here, McNeely claims that trial counsel coerced him into confessing, by telling him that he committed the murder, but mentally blocked it out. McNeely cannot prevail on this claim because it is unsupported by factual or legal evidence, thus he cannot show that he was prejudiced. See Strickland, 466 U.S. at 688; Jones, 66 F.3d at 204.
 
 
 10
 McNeely also claims that trial counsel was ineffective for allowing McNeely to falsely testify that he shot his wife. This claim lacks merit.
 
 
 11
 In assessing ineffectiveness, every effort must be made to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. A reasonable tactical decision by counsel with which the defendant disagrees cannot form a basis for an ineffective assistance of counsel claim. Strickland, 466 U.S. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (1984).
 
 
 12
 McNeely claims that he should not have testified at trial, because the story that counsel made him create was so incredible that the jury did not believe him. McNeely cannot prevail because this claim amounts to a post-conviction disagreement with trial counsel's tactical decision to call him as a witness. See Strickland, 466 U.S. at 689; Guam, 741 F.2d at 1169. Moreover, McNeely fails to offer factual or legal support for his claim. See Jones, 66 F.3d at 204. Thus, the district court did not err by denying this ineffective assistance of counsel claim.
 
 
 13
 McNeely contends further that trial counsel prejudiced his case by failing to interview a potential witness and by lying about his interview with another witness. We disagree.
 
 
 14
 Attorneys are required to conduct reasonable investigation of a case and interview witnesses, if there are any. Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994). There is a strong presumption that counsel renders effective assistance. Strickland, 466 U.S. at 689.
 
 
 15
 Here, McNeely claims that counsel did not interview a grocery store clerk to whom McNeely spoke on the evening of the murder. Additionally, counsel's investigator falsely stated that McNeely's friend, Nancy Carvalho, admitted to having an affair with McNeely.
 
 
 16
 Trial counsel conducted a reasonable investigation of McNeely's case, which included interviewing witnesses. See Sanders, 21 F.3d at 1456. Because there is a strong presumption that counsel rendered effective assistance, Strickland, 466 U.S. at 689, and because McNeely cannot show that interviewing the grocery clerk or re-interviewing Caravalho would lead to an acquittal, he cannot show prejudice. Id. at 688. Accordingly, McNeely's claim fails.
 
 
 17
 Finally, McNeely argues that he was prejudiced by trial counsel's failure to request removal of several jurors for alleged misconduct. This claim lacks merit.
 
 
 18
 A petitioner must exhaust each ineffective assistance of counsel claim, separately, in the state court or it will be procedurally defaulted on habeas corpus review. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). If the unexhausted issue does not raise a colorable federal claim, the court of appeals can reach the merits on the claim without regarding exhaustion. Granberry v. Greer, 481 U.S. 129, 134 (1987)
 
 
 19
 Here, McNeely claims that trial counsel should have requested the removal of four jurors for engaging in misconduct. According to McNeely, two jurors discussed his case in public, another juror spoke to McNeely's stepchildren, and two other jurors had personal conflicts with one another.
 
 
 20
 During trial, the prosecutor, judge, and trial counsel held a sidebar to discuss the jurors' conduct and determined that no harm was done. Subsequently, the judge admonished the jury and asked McNeely if he wished to continue. McNeely responded affirmatively. Again, McNeely attacks counsel's decisions by using hindsight, and cannot show how he was prejudiced by the alleged misconduct. See Strickland, 466 U.S. at 688; Jones, 66 F.3d at 204. Because McNeely's unexhausted ineffectiveness claim does not give rise to a colorable federal claim, we deny it on the merits. See Granberry, 477 U.S. at 137.
 
 II. Newly Discovered Evidence
 
 21
 McNeely contends that he is entitled to a new trial because newly discovered evidence supports his claim that he is actually innocent of shooting his wife. This claim lacks merit.
 
 
 22
 "Newly discovered evidence is a ground for federal habeas corpus relief only when it bears on the constitutionality of an applicant's conviction, and would 'probably' produce an acquittal." Swan v. Peterson, 6 F.3d 1373, 1384 (9th Cir.1993). Evidence is insufficient to warrant a new trial when it suggests only that another might have committed the crime, rather than that the defendant did not commit the crime. Jeffries v. Blodgett, 5 F.3d 1180, 1187-88 (9th Cir.1993); Quigg v. Crist, 616 F.2d 1107, 1112 (9th Cir.1980).
 
 
 23
 Here, McNeely's newly discovered evidence consists of two letters of confession from Gordon Gilbert, Jr. that McNeely received in February of 1993. At trial, McNeely confessed to killing his wife, hiding the murder weapon, and writing letters to himself, in disguised handwriting, that implicated a third person as the killer, in an effort to receive bail and avoid prosecution. Additionally, two other witnesses testified that McNeely hated his wife and offered money to kill her.
 
 
 24
 McNeely fails to show probable acquittal because, although the letters support his claim of actual innocence, they are insufficient to entitle McNeely to a new trial because of the overwhelming evidence against him. See Swan, 6 F.3d at 1384. Moreover, the veracity of the confession letters is questionable in light of the evidence that McNeely paid Gilbert $100 prior to receiving the letters, and that Gilbert was murdered two years later. Finally, the evidence suggests only that another person committed the crime. See Jeffries, 5 F.3d at 1187-88. It does not suggest that McNeely did not commit the crime. See id. Thus, it is unlikely that introduction of the new evidence would result in an acquittal. See Swan, 6 F.3d at 1384; Jeffries, 5 F.3d at 1187-88; Quigg, 616 F.2d at 1112. Accordingly, McNeely is not entitled to a new trial on this claim.
 
 III. Due Process Claims
 A. Prosecutorial Misconduct
 
 25
 McNeely argues that the prosecutor violated his right to due process by using evidence of prior uncharged bad acts to impeach him. McNeely further argues that the trial court abused its discretion by allowing the prosecutor to use the information for impeachment purposes.
 
 
 26
 Federal habeas corpus review of prosecutorial misconduct is limited to the narrow issue of whether the conduct violated due process. Thomas v. Borg, 74 F.3d 1517, 1576 (9th Cir.), cert. denied, 117 S.Ct. 227 (1996). Prosecutorial misconduct violates due process when it has a substantial and injurious effect or influence in determining the jury's verdict. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996). Admission of prior bad act evidence is not error, unless "admission of the testimony was arbitrary or fundamentally unfair." Terrovona v. Kincheloe, 912 F.2d 1176, 1180-81 (9th Cir.1990).
 
 
 27
 At trial, McNeely testified that he was not a violent person, thereby opening the door to admission of prior violent acts. On cross-examination, the prosecutor introduced evidence that McNeely choked the victim in the past, fought with her children, and, in 1960, held and empty gun to his first wife's head and pulled the trigger. Additionally, several witnesses testified that McNeely was violent toward them or attempted to solicit them to kill his wife.
 
 
 28
 Because evidence of McNeely's prior bad acts was used for impeachment purposes, and admission of the evidence was not arbitrary or fundamentally unfair, see Terrovona, 912 F.2d at 1180-81, the district court correctly determined that use of the prior bad acts, although potentially prejudicial, did not substantially and injuriously effect or influence the jury's verdict. See Ortiz-Sandoval, 81 F.3d at 899. Accordingly, the prosecutor's conduct did not violate McNeely's due process rights, and the trial court did not abuse its discretion by admitting the impeachment evidence. Id.
 
 B. Credibility of Witnesses
 
 29
 McNeely contends that he was prejudiced by the testimony of several witnesses because they were biased against him. We disagree.
 
 
 30
 A state court's findings regarding witness credibility are entitled to a presumption of correctness if supported by the record, because the trial court is in the best position to evaluate the witnesses' demeanor and testimony. Marshall v. Lonberger, 459 U.S. 422, 434 (1983); Aiken v. Blodgett, 921 F.2d 214, 217 (9th Cir.1990).
 
 
 31
 Here, McNeely claims that three of his stepchildren and two former employees-committed perjury because they stood to gain financially from his incarceration.
 
 
 32
 Given McNeely's history of fabricating evidence, the lack of factual support for his claim, and the state court's finding of credibility, the district court did not err by denying this claim. See Marshall, 459 U.S. at 434; Aiken, 921 F.2d at 217.
 
 C. Autopsy Photographs
 
 33
 McNeely contends that the prosecutor improperly appealed to the emotions of the jury by using autopsy photographs during its case in chief and publishing the photos to the jury.
 
 
 34
 A federal due process claim exists if the introduction of graphic, gruesome photographs of the victim renders the trial fundamentally unfair. Jamal v. Van de Kamp, 926 F.2d 918, 919 (1991). Admission of photographs that are relevant to the crime charged and aid in proving an element of the crime does not violate due process. See Villafuerte v. Lewis, 75 F.3d 1330, 1342 (1996).
 
 
 35
 Here, the prosecutor used four photos of the victim's skull to simplify the pathologist's testimony about the wounds, to explain the amount of force necessary to inflict the wounds, to prove intent, and to cast doubt on McNeely's "heat of passion" theory. In overruling defense counsel's objection to the photos, the trial court took extensive measures to prevent undue prejudice by requiring the prosecutor to mask the victim's face and hair and crop the photos so the jury only saw the relevant injury.
 
 
 36
 Because the autopsy photos were used by both parties to clarify expert testimony, were relevant to McNeely's intent to kill his wife, and were not unnecessarily gruesome, the district court correctly determined that McNeely's trial was not rendered fundamentally unfair by their introduction. See Jamal, 926 F.2d at 919; Villafuerte, 75 F.3d at 1343. Accordingly, McNeely cannot prevail on this claim.
 
 D. Consciousness of Guilt Instructions
 
 37
 McNeely contends that the trial court violated his due process rights by instructing the jury on consciousness of guilt. We disagree.
 
 
 38
 Federal courts cannot grant habeas relief for mere state law errors. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Suniga v. Bunnell, 998 F.2d 664, 666 (9th Cir.1993). Federal habeas relief is required only if the faulty jury instructions by themselves infect the entire trial to such an extent that the resulting conviction violates due process. McGuire, 502 U.S. at 72; Jeffries, 5 F.3d 1180, 1195 (9th Cir.1993). The instructions may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. McGuire, 502 U.S. at 72; McSherry v. Block, 880 F.2d 1049, 1059 (9th Cir.1989).
 
 
 39
 Here, McNeely claims that the instructions favored the prosecution with regards to the ultimate issue of guilt and his state of mind. CALJIC Nos. 2.03, 2.04, and 2.06 allow the jury to infer consciousness of guilt from false or misleading statements made by the defendant and attempts by the defendant to fabricate or suppress evidence in order to avoid apprehension. At trial, McNeely testified that he gave false statements to investigating officers and his friends, wrote two anonymous letters fabricating a third party killer theory, and hid the murder weapon.
 
 
 40
 The jury instructions were appropriate in light of McNeely's admissions. Moreover, the trial court admonished the jury, as requested by defense counsel, that finding consciousness of guilt was not relevant to determining the degree of McNeely's overall guilt. Viewing the consciousness of guilt instructions together with the other instructions and the record, no due process violation occurred. See McGuire, 502 U.S. at 72; McSherry, 880 F.2d at 1059. Accordingly, the district court did not err by denying relief on this claim.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McNeely's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McNeely's motion for the issue of subpoenas is denied. Additionally, McNeely's motion for an evidentiary hearing is referred to the merits panel